**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANTHONY W.N. COBB,
                    Appellant,

v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
AT-0752-21-0258-X-1

DATE:  July 1, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Stephan Benet Caldwell, Esquire, Riverdale, Georgia, for the appellant.

Mary Rae Dudley, Esquire, and Thomas L. Cathey, Esquire,
     Fort Eisenhower, Georgia, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

On May 24, 2023, the administrative judge issued a compliance initial decision finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for enforcement.  *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-C-1, Compliance File (CF), Tab 8, Compliance Initial Decision (CID); *Cobb v. Department of the Army*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Docket No. AT-0752-21-0258-I-1, Final Order (July 7, 2022) (Final Order). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

On August 27, 2021, the administrative judge issued an initial decision reversing the agency's removal of the appellant and ordering the agency to appoint him to his former position of Police Officer, GS-0083-07. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-I-1, Initial Appeal File, Tab 57, Initial Decision. The Board's final order affirming the initial decision required the agency to, inter alia, retroactively restore the appellant, effective February 10, 2021, and to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of the decision. Final Order at 3-5. The appellant filed a petition for enforcement on February 8, 2023. In his petition for enforcement, the appellant alleged that the agency failed to comply with the final order because: (1) the agency failed to timely remit the appellant back pay; and (2) the agency improperly refused to restore the appellant to his former position of police officer. CF, Tabs 1, 6.

In a compliance initial decision, the administrative judge found that the agency did not timely pay the appellant back pay and also failed to restore the appellant to a position substantially similar to his former position, and ordered the agency to, among other things, pay the appellant the proper amount of back pay with interest, and submit evidence of its compliance actions. CID at 3-5. The administrative judge informed the agency that if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions.

CID at 5-6; *see* 5 C.F.R. § 1201.183(a)(6)(i) (2023). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by June 28, 2023, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). As neither party filed a petition for review, the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on compliance pursuant to 5 C.F.R. § 1201.183(c).[2] *See* 5 C.F.R. § 1201.183(b).

On June 27, 2023, the agency informed the Board that it had taken the actions identified in the compliance initial decision. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-X-1, Compliance Referral File (CRF), Tab 1. On June 28, 2023, the Clerk of the Board issued an Acknowledgement Order informing the parties that the appellant's response, if any, to the agency's submission was due within 20 calendar days of June 27, 2023. CRF, Tab 2. The appellant filed a response to the agency's statement of compliance on July 17, 2023, contending that the agency had failed to reinstate him to his prior position and therefore remained in noncompliance with the Board's July 7, 2022 Final Order, and requested sanctions. CRF, Tab 3. The agency filed a reply on July 18, 2023. CRF, Tab 4.

On March 16, 2026, the Board issued an Order finding the agency in compliance with its obligation to pay the appellant the appropriate amount of

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) To the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and/or (ii) To the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2023).

backpay and interest. *Cobb v. Department of the Army*, MSPB Docket No. AT-0752-21-0258-X-1, Order (Mar. 16, 2026) (Order); CRF, Tab 6. However, the Board found the agency failed to show that it complied with the Board's order to reinstate the appellant to his previous or substantially similar position. Order at 1. The Board directed the agency to offer the appellant, in writing, the opportunity to be placed in his former Police Officer position or to elect to remain in his current status. *Id.* at 9. The Board also notified the appellant that he might respond to the agency's compliance submission, and that failure to submit a response within the required time period might cause the Board to assume he was satisfied and dismiss the petition for enforcement. *Id.* at 10.

On March 20, 2026, the agency filed a submission stating that it had provided the appellant with the opportunity to be placed in his former Police Officer position, and he had elected to remain in his current position. CRF, Tab 8. The appellant did not respond to the agency's submission.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

Here, the agency provided evidence that it had complied with its sole remaining compliance obligation, as outlined in the Board's March 16, 2026 Order, by submitting a form on which it offered the appellant the opportunity to return to his former position, or stay in his current one. CRF, Tab 8 at 7. The agency submitted evidence that it had done so and that the appellant had elected to stay in his current position. *Id*. The appellant did not respond to the agency's submission despite the Board's explanation that his failure to submit a response might cause the Board to assume the appellant is satisfied and dismiss the petition for enforcement. Accordingly, in light of the agency's submissions, explained above, and the appellant's lack of response, we find that the agency is now in full compliance with the Board's Final Order. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

With respect to appellant's request for sanctions, we deny the request. The Board's sanction authority is limited to the sanctions necessary to obtain compliance with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 8 (2010) (stating that the Board's ability to award sanctions is a means to enforce compliance, and once compliance has been demonstrated, it would be inappropriate to impose sanctions). Because the agency has complied with the Board's orders, we are without authority to impose sanctions in this matter.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C.

§ 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.